**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20120-GAYLES**

**UNITED STATES OF AMERICA**

**vs.**

**DANIEL JAY MOTHA,**

**Defendant.**
_________________________________/

# PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Daniel Jay Motha (hereinafter referred to as the "Defendant"), enter into the following plea agreement (the "Agreement"):

1. The Defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offense with which he is charged. Understanding this right, and after full and complete consultation with his counsel, the Defendant agrees to waive in open court his right to prosecution by Indictment and agrees that the United States may proceed by way of an Information to be filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The Defendant acknowledges that this plea agreement is subject to approval by the Department of Justice - Tax Division, and that approval must be obtained prior to entering a plea before the Court.

3. The Defendant agrees to plead guilty to a one-count Information, which charges the Defendant with conspiring to commit an offense against the United States, specifically, defrauding the United States, in violation of 18 U.S.C. § 371.

4. The Defendant agrees and understands that the above charge involves the Defendant's conduct, and the conduct of others, between in or around August 2017, through in or around September 2023, in failing to remit employment and trust fund taxes for Location Ventures LLC and its subsidiaries and affiliated companies (together, the "LV Entities"). This agreement resolves the Defendant's federal criminal liability in the Southern District of Florida growing out of any criminal conduct by the Defendant known to this Office, as of the date of this plea agreement, as it pertains to misrepresentations made to banks and investors by the LV Entities between in or around August 2017 and in or around September 2023. The Defendant and the Office agree that, pursuant to the 18 U.S.C. § 3663A(a)(3), the Court should order the Defendant to pay restitution in the amount of $449,979.70, to be owed to the Location Ventures Receivership, joint and several with co-conspirators. The Defendant and the Office further agree that the Defendant will owe restitution in the amount of at least $800,000 to the Internal Revenue Service ("IRS"), joint and several with co-conspirators, representing the late fees, penalties, and interest owed by the LV Entities to the IRS. The Defendant also understands that this restitution agreement does not preclude any individual from receiving restitution required under the law.

5. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the

advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 3 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

6. The Defendant understands and acknowledges that, as to the sole count of the Information, the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000 or twice the gain or loss resulting from the offense, and must order restitution.

7. The Defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

8. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; or (b) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The Defendant agrees that the Defendant shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the Defendant agrees that the Defendant will not protect any person or entity through false information or omission, that the Defendant will not falsely implicate any person or entity, and that the Defendant will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the Defendant's

cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

13. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the sentence to be imposed:

a. Applicable Guidelines: The cross-reference in U.S.S.G. § 2T1.6(b)(1) applies because the offense involved embezzlement by withholding tax from an employee's earnings and willfully failing to account to the employee for it.

b. Base Offense Level: The Defendant's base offense level is six (6), pursuant to U.S.S.G. § 2B1.1(a)(2).

c. Loss: The Defendant's offense level shall be increased by fourteen (14) levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), because the loss was between $550,000 and $1,500,000;

d. Victims: The offense involved ten or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A);

14. The parties agree that no other enhancements, variances, or departures apply.

15. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that

the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 5 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

16. The Defendant agrees to cooperate with the IRS in its civil examination, determination, assessment, and collection of income taxes related to the LV Entities' corporate tax returns for tax years 2017 through 2023, the Defendant's personal income tax returns for tax years 2017 through 2023, and any related corporate/entity returns. The Defendant further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The Defendant agrees to provide to the IRS any documentation in the Defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The Defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the Defendant's individual and corporate/entity tax liabilities concerning tax years 2017 through 2023. The Defendant agrees to prepare draft amended individual and corporate income tax returns for the tax years 2017 through 2023, by no later than the time of his sentencing. The Defendant also agrees to pay all taxes, interest, and penalties due

and owing to the IRS, including all taxes, interest, and penalties on his individual liabilities for tax years 2017 through 2023.

17. The Defendant agrees to make full restitution as ordered by the Court, payable immediately on such terms and conditions as the Court may impose, for the full amount of the losses caused by Defendant's relevant conduct in this case. Restitution payments will be apportioned to the victims set forth in paragraph 4 of this plea agreement and as otherwise ordered by the Court.

a. The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

b. The IRS will use the amount of restitution ordered to the IRS as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

c. The Defendant is entitled to receive credit for restitution paid to the IRS pursuant to this plea agreement against those assessed civil tax liabilities due and owing for

the same periods for which restitution was ordered. The Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability. The Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

d. The Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

e. If full payment cannot be made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The Defendant also agrees to provide the above-described information to the probation office.

f. If the Defendant makes a payment of the restitution agreed to in paragraph 4 of this plea agreement prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 4.

g. The Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the

Court's restitution order are to be sent to the Clerk of the Court at the following address:

Wilkie D. Ferguson, Jr.
U.S. Courthouse
400 North Miami Avenue
Miami, Florida 33128
Attn: Angela E. Noble

h. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the Defendant will provide the following information:

i. The Defendant's name and Social Security number;

ii. The District Court docket number assigned to this case;

iii. Tax periods for which restitution has been ordered; and

iv. A statement that the payment is being submitted pursuant to the District Court's restitution order.

i. The Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

18. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which

the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further expressly waives his right to appeal based on arguments that (a) the statutes to which the Defendant is pleading guilty are unconstitutional and (b) the Defendant's admitted conduct does not fall within the scope of the statutes. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

19. If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed.

Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the Defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the Defendant, and all such information, statements, and leads derived therefrom may be used against the Defendant. The Defendant waives any right to claim that statements made before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution of federal law.

20. This Agreement is limited to this Office, and as such, does not bind other federal, state, regulatory, or local prosecuting authorities.

[THIS SPACE INTENTIONALLY LEFT BLANK]

21. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 6/25/26 By: ______________________
ELIZABETH YOUNG
ASSISTANT UNITED STATES ATTORNEY
DEPUTY CHIEF

Date: 6/25/26 By: ______________________
DAYA NATHAN
ASSISTANT UNITED STATES ATTORNEY

Date: 06/25/2026 By: ______________________
ERIC ROSEN
COUNSEL FOR DANIEL JAY MOTHA

Date: 6/25/26 By: ______________________
DANIEL JAY MOTHA
DEFENDANT